## W. PALMER *v.* ISAAC ANDERSON.

Where, by consent of the owners, a line is run between two contiguous tracts, such consent is a mutual license to both parties to treat such line as the true boundary; and neither party can hold the other as a trespasser, without a revocation of that license.

TRESPASS, Q. C. F., tried before *Mitchell J.*, at Fall term 1868, of the Superior Court of CALDWELL.

The facts are sufficiently set forth in the opinion of the Court.

Verdict and judgment for the plaintiff; whereupon the defendant appealed.

*Folk*, for the appellant.

*Malone, contra.*

SETTLE, J. The plaintiff and defendant being owners of adjoining tracts of land, agreed to have the line between them run, so that the defendant might know how far he might clear his land; and for this purpose they employed one Pool to run the disputed line.

In pursuance of this agreement, Pool did run and fix a certain line, as the true line between the parties, and when the survey was completed, the plaintiff said to the defendant and his sons: "Now boys you know where to come to."

Soon thereafter, the defendant took possession of the *locus in quo*, and began to clear and fence towards the line fixed by Pool, but did not cross that line. The plaintiff then brought this suit, and his Honor charged the jury, that he could not recover unless his consent had been revoked, and they might look to the subsequent conduct of the parties to find the revocation.

Viewing the case in the most favorable light for the plaintiff, we concur with his Honor, that he could not recover unless he could show a revocation of his license.

The only evidence offered to show a revocation, was the fact " that after Pool surveyed the line, and the defendant

took possession and began his work, one Dickson also *surveyed or run some of the lines*, at the instance of plaintiff and defendant. Whether Dickson surveyed and adopted the Pool line, or some other line, does not appear from the evidence. Nor does it appear whether the plaintiff revoked, or repeated his former words, " now boys you know where to come to,"—the Pool line.

We think that his Honor should have instructed the jury that there was no evidence of a revocation. His failure to do so, entitles the defendant to a new trial.

PER CURIAM. *Venire de novo.*